UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 02-7635

LARRY DARNELL BELCHER,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-97-70018, CA-01-39-7)

Submitted: December 16, 2002

Decided: December 27, 2002

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

Larry Darnell Belcher, Appellant Pro Se. Donald Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Darnell Belcher, a federal prisoner, seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 59(e) motion and his motion filed under 28 U.S.C. § 2255 (2000). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court on the merits absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000).

In this case, the district court dismissed Belcher's § 2255 motion on the ground that it was untimely filed. *See* 28 U.S.C. § 2255. Our review of the record in this case reveals that Belcher's judgment of conviction became final on September 18, 2000, the date the Supreme Court denied certiorari relative to his direct appeal. Belcher signed his § 2255 motion on January 2, 2001, which is the date this court considers to be the filing date. *See Houston v. Lack*, 487 U.S. 266 (1988). The motion was actually filed on January 12, 2001. Because Belcher's § 2255 motion was filed within one year after the date his conviction became final, the district court erred in dismissing the motion as untimely, and further erred in denying Belcher's Rule 59(e) motion for reconsideration in which he raised the timeliness issue. Accordingly, we grant a certificate of appealability, vacate the district court's dismissal of Belcher's § 2255 motion, vacate the district court's denial of Belcher's Rule 59(e) motion for reconsideration, and remand the case to the district court for consideration of Belcher's § 2255 claims on the merits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*